WILLIE E. and MABLE B. GRATE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grate v. Commissioner
Docket No. 2807-75.
United States Tax Court
T.C. Memo 1978-34; 1978 Tax Ct. Memo LEXIS 484; 37 T.C.M. (CCH) 194; T.C.M. (RIA) 780034; January 25, 1978, Filed *484 Robert B. Clarkson, for the petitioners. Maurice W. Gerard and Stanley H. Smith, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax under section 6653(a) [1]/ for 1972 and 1973 as follows: Additios to Tax Year
Deficiency
under sec. 6653(a)
1972
$826.74
$41.34
1973
$982.48
$49.12
The issues for decision in the instant case are as follows: 1. Whether petitioners are entitled to deductions for charitable contributions, medical expenses, child care expenses, educational expenses, employee business expenses, sales tax, and miscellaneous expenses in excess of those amounts allowed by respondent for 1972 and 1973. 2. Whether any part of the underpayment of tax by petitioners for 1972 and 1973 was due to their negligence or intentional disregard of respondent's rules and regulations. FINDINGS OF FACT At the time the petition was filed in the instant *485 case, petitioners were legal residents of Sumter, South Carolina. Petitioners filed their joint Federal income tax returns for 1972 and 1973 with the Director, Internal Revenue Service Center, Chamblee, Georgia. During 1972 and 1973, Willie E. Grate (hereinafter petitioner) was employed as a salesman for Metropolitan Life Insurance Company. Petitioner Mable B. Grate was employed as a school teacher during those years. During those years, petitioners had to make arrangements for the care of their minor child while they were both at work. During the months of June through September in each of those years, petitioners took their minor child to the day care center at the Jehovah Baptist Church and paid approximately $50 per month for child care services. For the remainder of each of those years, a lady came to petitioners' home to care for the child, and petitioners paid this person on a weekly basis. However, petitioners incurred no child care expenses during their vacations. During 1972 and 1973, petitioners' minor child was beset by certain medical problems which required doctors' and hospital fees to be incurred. However, petitioners were covered by hospital insurance. *486 Petitioner personally prepared the Federal income tax returns for 1972 and 1973. On their 1972 and 1973 returns petitioners reflected adjusted gross income in the amounts of $10,141.17 and $11,432.55, respectively. On their 1972 return, petitioners claimed, among other items, the following deductions: Deduction
Amount
Charitable contributions
$ 684.00
Medical expenses
964.35
Child care expenses
1,800.00
Education expenses
965.00
Employee business expenses
3,600.00
Sales tax
208.00
Miscellaneous expenses as
follows: Preparation of tax return
$ 25.00
N.A.L.U.
30.00
Office material
225.00
S.C.E.A. and N.E.A.
75.00
St. Paul's Lodge No. 8
75.00
430.00
Petitioners' claimed deductions for charitable contributions for 1972 consisted of the following items and amounts: Item
Amount
First Baptist Church
$400.00
American Cancer
25.00
Boy Scouts
15.00
Y.M.C.A.
40.00
Y.W.C.A.
60.00
Girl Scouts
20.00
Heart Association
35.00
Multiple Sclerosis Society
5.00
March of Dimes
20.00
United Fund
39.00
S. C. Mental Health Assoc.
25.00
Total
$684.00
The claimed child care expenses in the total *487 amount of $1,800 for 1972 was computed on the basis of $150 per month. On their 1973 return, petitioners claimed, among other items, the following deductions: Deduction
Amount
Charitable contributions
$ 765.00
Medical expenses
1,269.69
Child care expenses
2,100.00
Education expenses
675.00
Employee business expenses
3,600.00
Sales Tax
226.00
Miscellaneous expenses as
follows: Cairo Temple No. 125
$ 45.00
Office materials
253.00
Preparation of tax return
25.00
St. Paul's Lodge No. 8
75.00
N.A.L.U.
35.00
S.C.E.A. and N.E.A.
75.00
508.00
Petitioners' claimed deductions for charitable contributions for 1973 consisted of the following items and amounts: Item
Amount
First Baptist Church
$425.00
American Cancer
30.00
Boy Scouts
25.00
Y.M.C.A.
40.00
Y.W.C.A.
60.00
Girl Scouts
25.00
Heart Association
40.00
Muscular Dystrophy Assoc.
10.00
March of Dimes
25.00
United Fund
60.00
S. C. Mental Health Assoc.
25.00
Total
$765.00
The claimed child care expenses in the total amount of $2,100 for 1973 was calculated on the basis of $175 per month. In his statutory notice of deficiency *488 respondent determined that petitioners failed to fully substantiate the claimed deductions, set forth above, and disallowed portions of these deductions as follows: 1972
Amount
Amount
Amount Deduction
Claimed
Allowed
Disallowed
Charitable contributions
$ 684.00
[1]/ $ 508.50
$ 175.50
Medical expenses
964.35
0
964.35
Child care expenses
1,800.00
600.00
1,200.00
Education expenses
965.00
840.00
125.00
Employee business expenses
3,600.00
1,882.62
1,717.38
Sales tax
208.00
188.00
20.00
Miscellaneous expenses
430.00
[2]/ 55.00
375.00
1973
Charitable contributions
$ 765.00
$ 552.00
$ 213.00
Medical expenses
1,269.69
259.70
1,009.99
Child care expenses
2,100.00
600.00
1,500.00
Education expenses
675.00
387.00
288.00
Employee business expenses
3,600.00
1,882.62
1,717.38
Sales tax
226.00
208.00
18.00
Miscellaneous expenses
508.00
0
508.00
*489 Also, in the statutory notice of deficiency, respondent determined that a part of the underpayment of taxes for 1972 and 1973 was due to negligence or intentional disregard of respondent's rules and regulations. OPINION The issue in the instant case is a relatively simple one: whether petitioners have substantiated the amounts of certain expenses claimed by them on their 1972 and 1973 returns. For the most part, however, petitioners' counsel completely ignored the development of facts concerning the issues for trial and devoted a large part of his time to making numerous motions, [2]/ none of which had any merit. Although certain testimony by petitioner indicated that there existed written records to substantiate at least some of the claimed expenses, petitioners did not introduce in evidence any receipts, vouchers, canceled checks, or other documents. Further, petitioners failed *490 to testify as to any concrete facts to support estimates of their actual expenditures. Thus we are left with a record which is seriously deficient. With respect to those deductions for charitable contributions, medical expenses, educational expenses, employee business expenses, sales tax and miscellaneous expenses, we think that petitioners have failed to carry their burden of proof. Respondent's determination set forth in our Findings of Fact as to the allowable amounts of these deductions, therefore, must be upheld. . With respect to the deduction for child care expenses, we think the record reasonably indicates that petitioners are entitled to a deduction in the amount of $1,000 for each year at issue, instead of the $600 allowed by respondent for 1972 and 1973. . As to the additions to tax under section 6653(a), the burden is on petitioners to prove that no part of the underpayment was due to negligence or intentional disregard of respondent's rules and regulations. . Aside from petitioner's *491 self-serving responses to a series of conclusory statements made by petitioners' counsel, there is nothing in the record to show that respondent's determination was erroneous. Petitioners failed to present any documentary evidence in support of their claimed deductions. In the absence of such substantiation, we are compelled to conclude they greatly exaggerated the itemized deductions at issue. In these circumstances we must sustain the determined additions to tax. To reflect the foregoing and the concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue.
1. / On brief respondent concedes that petitioners are entitled to a deduction for contributions in 1972 in the total amount of $533.50 rather than the amount of $508.50 allowed in the statutory notice. This results from the concession of an additional $25 paid to Mt. Pisgah A.M.E. Church. / Most of the motions made by petitioners' counsel at the trial of the instant case had been previously made by him in . In that case we specifically indicated the substance of those motions and denied each, citing authority.
[2]↩ / Miscellaneous expenses allowed consist of a $25 payment for preparation of petitioners' tax return and a $30 payment to N.A.L.U.